**YEN PILCH KOMADINA & FLEMMING, P.C.**
Robert E. Yen, SBN 007236
yen@ypklaw.com
Caroline A. Pilch, SBN 011041
pilch@ypklaw.com
Phil S. Flemming, SBN 014778
flemming@ypklaw.com
6017 N. 15th Street
Phoenix, Arizona 85014
(602) 241-0474
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Martin,<br><br>    Plaintiff,<br><br>v.<br><br>D-Velco Manufacturing of Arizona, Inc., an Arizona corporation; Northstar Aerospace, Inc.; Bob Tatroe and Jane Doe Tatroe, husband and wife; John and Jane Roe's 1-5; ABC Corporation 1-5; YYZ Limited Liability Companies 1-5,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiff, Gary Martin (hereinafter "Plaintiff"), for his Complaint against Defendants Northstar Aerospace, Inc. and D-Velco Manufacturing of Arizona and Bob Tatroe and Jane Joe Tatroe (hereinafter collectively "Defendants"), alleges as follows:

### I. NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for unlawful failure to pay overtime wages in violation of both the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and the Arizona wage law, A.R.S. §§ 23-351, 23-353 and 23-355 (hereinafter "Arizona wage law").

2. This action seeks to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff by Defendants pursuant to the FLSA.

3. This action also seeks to recover unpaid overtime compensation, treble damages, unlawfully withheld wages, statutory penalties and damages owed to Plaintiff by Defendants pursuant to A.R.S. § 23-355.

4. For at least three (3) years prior to the filing of this action (the "Liability Period"), Defendants had policies and practices requiring Plaintiff to work well in excess of forty (40) hours per week without paying him proper overtime compensation as required by federal and state wage laws.

5. Defendants intentionally, willfully and improperly failed to pay overtime wages and other benefits to Plaintiff, during or at the conclusion of his employment, in violation of the FLSA.

## II.  JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 28 U.S.C. § 1331. This Court has ancillary jurisdiction pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b) because the acts and omissions alleged herein occurred in this judicial district.

## III.  PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff resided in the State of Arizona in Maricopa County and was a full-time non-exempt employee of Defendants.

9. Upon information and belief, Defendant D-Velco Manufacturing of Arizona, Inc. is an Arizona corporation with its principal office in Maricopa County, Arizona.

10. Upon information and belief, Defendant Northstar Aerospace, Inc., is a Canadian corporation existing under the laws of the province of Ontario, Canada, with its principal place of business in Toronto, Ontario, with an operation division in Maricopa County, Arizona.

11. Defendants Bob Tatroe and Jane Doe Tatroe are husband and wife. At all times material hereto, Defendant Bob Tatroe was acting for and on behalf of the marital community. Once the true names and identities of Jane Doe Tatroe and other fictitious parties are known, Plaintiff will amend his pleading to reflect their true identities.

### IV. FACTUAL BACKGROUND

12. At all relevant times, Defendants were covered "employers" as defined in 29 U.S. § 203(d).

13. Bob Tatroe, as Manufacturing Manager for Northstar Aerospace, Inc., and or D-Velco Manufacturing of Arizona, Inc., is also a covered "employer." The FLSA defines the term "employer" to include any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Thus, as a person who acted in the interest of Defendants, Bob Tatroe is subject to individual liability under the FLSA.

14. At multiple times during his employment, Defendants required Plaintiff to work in excess of 40 hours per week.

15. Plaintiff was paid at a base salary, but was not compensated for hours worked in excess of 40 hours per week at the required overtime rate.

16. Plaintiff was entitled to overtime compensation at the rate of one and one-half times his regular hourly rate for hours worked in excess of 40 hours per week.

17. Plaintiff did not, at any relevant time, receive additional one and one-half compensation for hours worked in excess of 40 hours per week. This practice violates the requirements of the FLSA and Arizona wage law.

## V. COUNT ONE

**(Failure to Properly Pay Overtime Wages in Violation of the FLSA)**

18. Plaintiff incorporates by reference the allegations above.

19. At all times pertinent to this Complaint, Plaintiff was a nonexempt employee paid on a salaried basis.

20. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff worked for Defendants in excess of 40 hours per week, but Defendants failed to pay Plaintiff for those excess hours at the rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

21. Defendants' failure to pay overtime to Plaintiff was willful as Defendants did not act in good faith in failing to pay proper overtime pay, and had no reason to believe their failure to do so was not a violation of the FLSA.

22. Plaintiff has suffered economic damages as a result of the unlawful acts of Defendants and is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to, unpaid overtime compensation, liquidated damages, attorneys' fees and costs.

## VI. COUNT TWO

**(Failure to Timely Pay Wages in Violation of Arizona Wage Statutes)**

23. Plaintiff incorporates by reference the allegations above.

24. Defendants were aware of their obligation to pay overtime wages to Plaintiff pursuant to A.R.S. § 23-351.

25. Defendants were required pursuant to A.R.S. § 23-353 to pay Plaintiff all wages due to him, including overtime compensation, at the end of every regular pay period.

26. Defendants were required pursuant to A.R.S. § 23-353 to pay Plaintiff all wages due to him, including overtime compensation, within three (3) business days

4

following the termination of his employment.

27. Defendants willfully failed and refused to timely pay overtime wages due to Plaintiff at the end of each regular pay period.

28. Defendants willfully failed to pay overtime wages due upon Plaintiff's termination of employment.

29. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedy provided in A.R.S. § 23-355.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff requests:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

    (1) Violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff; and

    (2) Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award Plaintiff's reasonable attorneys' fees and costs;

D. For the Court to award pre-judgment interest on all overtime compensation due, accruing from the date such amounts were due, and post-judgment interest; and

//

//

//

E. For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

DATED this 15th day of November, 2011.

**YEN PILCH KOMADINA & FLEMMING, P.C.**


By  s/ Robert E. Yen
       Robert E. Yen
       Caroline A. Pilch
       Phil S. Flemming
       6017 N. 15th Street
       Phoenix, Arizona 85014
       Attorneys for Plaintiffs


**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial.